IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HAROLD LEAPHART,** | : | Civil No. 1:21-CV-1293 |
| Plaintiff | : | |
| v. | : | (Magistrate Judge Carlson) |
| **WILLIAM CAMPBELL, et al.,** | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

I. **Factual and Procedural Background**

This case comes before us for resolution of a motion to compel. (Doc. 39). By way of background, Harold Leaphart is an inmate in the custody of the Pennsylvania Department of Corrections. Leaphart's allegations arise out of events while he was housed at both SCI Huntingdon and SCI Houtzdale. Leaphart names numerous correctional officers who he claims violated both his First and Eighth Amendment rights.

In his motion to compel, Leaphart alleges that the defendants have improperly asserted general objections to his second and third sets of discovery demands based upon the contention that he has exceeded the number of discovery requests approved by the court. The defendants, in turn, have filed a 365 page response to this motion which details the discovery provided to date and contends that that the plaintiff's

1

Motion should be denied because the defendants responded to all appropriate discovery requests and produced all preserved videos. Moreover, the defendants contend that Leaphart's additional requests exceed the limitations set by this court in its case management order. (Doc. 31). Finally, the defendants argue that Leaphart seeks to compel items that are wholly irrelevant to the claims and defenses at issue in this case, and merely disagrees with the responses he received. (Doc. 41).

Upon consideration of the parties' positions, for the reasons set forth below, we will DENY this motion to compel without prejudice to Leaphart seeking leave of court to submit specific, narrowly tailored supplemental discovery demands.

## II.   Discussion

Rulings regarding the proper scope of discovery are matters consigned to the court's discretion and judgment. A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of abuse of that discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion also extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J. 1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . ., "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing Scott Paper Co. v. United

> States, 943 F. Supp. 501, 502 (E.D. Pa. 1996)). Under the standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y. 1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 2735702, at *1 (D.N.J. Sept. 27, 2010).

The exercise of this discretion is guided, however, by certain basic principles. At the outset, Rule 26(b) of the Federal Rules of Civil Procedure generally defines the scope of discovery permitted in a civil action, prescribes certain limits to that discovery, and provides as follows:

> (b) Discovery Scope and Limits.
>
> (1) *Scope in General*. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b).

Thus, our discretion is limited in a number of significant ways by the scope of Rule 26 itself, which provides for discovery of only "nonprivileged matter that is

3

relevant to any party's claim or defense." Accordingly, "[t]he Court's discretion in ruling on discovery issues is, therefore, restricted to valid claims of relevance and privilege." Robinson v. Folino, No. 14-227, 2016 WL 4678340, at *2 (citing Jackson v. Beard, No. 11-1431, 2014 WL 3868228, at *5 (M.D. Pa. Aug. 6, 2014) ("Although 'the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits.' Courts will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relates to confidential or privileged information") (internal citations omitted)).

    Therefore, at the outset, it is clear that Rule 26's definition of that which can be obtained through discovery reaches any nonprivileged matter that is relevant to any party's claim or defense, and valid claims of relevance and privilege still cabin and restrict the court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all relevant information, a concept which is not confined to admissible evidence but is also defined in the following terms: "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Rather, Rule 26 states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." This concept of relevance is tempered, however, by principles of proportionality. Thus, we are now enjoined to also consider whether

the specific discovery sought is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Thus, it has been said that the amended rule 'restores the proportionality factors to their original place in defining the scope of discovery.' " Fassett v. Sears Holdings Corp., 319 F.R.D. 143, 150 (M.D. Pa. 2017) (quoting Wertz v. GEA Heat Exchangers Inc., No. 1:14-CV-1991, 2015 WL 8959408, at *2 (M.D. Pa. Dec. 16, 2015)).

A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. Morrison v. Philadelphia Housing Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litigation, 261 F.R.D. 570, 573 (D. Kan. 2009).

Moreover, it is well-settled that the court has the inherent ability to set reasonable limits on discovery, and that all litigants—including *pro se* litigants like Leaphart—must comply with those limitations. Thus:

> At the end of the day, the [*pro se* litigants] cannot flout procedural rules—they must abide by the same rules that apply to all other litigants. See McNeil, 508 U.S. at 113, 113 S.Ct. 1980 ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir.2007).

Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

In this case, we entered a case management order which set reasonable and prudent discovery limits for the parties, and prescribed a means for seeking leave to request additional discovery. That order stated, in part, as follows:

> 5. Discovery Limitations. In the absence of mutual consent to exceed these limits or a court order, the maximum number of depositions per side shall be ten (10); interrogatories per side shall be twenty five (25); the maximum number of document production requests per side shall be twenty five (25); and the maximum number of requests for admissions per side shall be twenty-five (25).
>
> ************************************************************
>
> Any requests to alter this schedule should be made by written motion.

(Doc. 31 at 2).

Despite this clear guidance, we agree that Leaphart's second and third round of discovery requests exceeded those authorized by the court, and Leaphart failed to obtain prior leave of court before filing these excessive discovery demands. We also

conclude based upon the defendants' representations and disclosures that they have provided substantial discovery in response to Leaphart's initial discovery demands. Finally, we conclude that Leaphart has not timely sought leave of court to submit these additional discovery demands, as he was required to do by our case management order.

In consideration of the fulsome discovery provided to date, and the excessive nature of Leaphart's additional, unauthorized discovery demands, in the exercise of our discretion we will DENY this motion to compel without prejudice to Leaphart seeking leave of court to submit specific, narrowly tailored, supplemental discovery demands.

An appropriate order follows.

> _/s/ Martin C. Carlson_
> Martin C. Carlson
> United States Magistrate Judge

DATED: April 4, 2023

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HAROLD LEAPHART,** | : | Civil No. 1:21-CV-1293 |
| **Plaintiff** | : | |
| v. | : | (Magistrate Judge Carlson) |
| **WILLIAM CAMPBELL, et al.,** | : | |
| **Defendants.** | : | |

## **ORDER**

AND NOW, this 4th day of April 2023, in accordance with the accompanying Memorandum, IT IS ORDERED that the plaintiff's motion to compel (Doc. 39) is DENIED, without prejudice to Leaphart seeking leave of court to submit specific, narrowly tailored, supplemental discovery demands.

>/s/ Martin C. Carlson
>Martin C. Carlson
>United States Magistrate Judge