IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAROLD LEAPHART, | : | Civil No. 1:21-CV-1293 |
| Plaintiff, | : | |
| v. | : | (Magistrate Judge Bloom) |
| WILLIAM CAMPBELL, et al., | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

The plaintiff is a state prisoner who is scheduled to proceed to trial on an Eighth Amendment excessive force claim, and a trial date has been set for August 26, 2024. (Doc. 89). This Court conditionally granted Leaphart's motion to appoint counsel in this case (Doc. 78), but no counsel volunteered to undertake the case at that time. We note, however, that at the time the Court conditionally granted the plaintiff's request, the magistrate judge assigned to the case had not set a trial date. Given that there is now a trial date certain in this matter, the plaintiff has requested to extend the search for pro bono counsel, citing a financial inability to retain counsel and a variety of mental health issues that prevent him from trying the case *pro se*. (Doc. 87).

We recognize that there is neither a constitutional nor a statutory

right to counsel for civil litigants. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Instead, 28 U.S.C. § 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to employ counsel." The decision to appoint counsel under §1915(e)(1) is discretionary and must be made on a case-by-case basis. *Tabron*, 6 F.3d at 157-58.

The Third Circuit Court of Appeals has set forth six factors to guide our consideration of the plaintiff's request for counsel:

> (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; [and] (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham*, 126 F.3d at 457. Additionally, the Court of Appeals has recognized several practical considerations which we must take into account, such as the number of *pro se* prisoner actions filed in federal court; the lack of funding for court-appointed counsel; and the limited number of lawyers willing to undertake representation without compensation. *Tabron*, 6 F.3d at 157. "[V]olunteer lawyer time is

2

extremely valuable. Hence, district courts should not request counsel under § 1915(d) indiscriminately." *Tabron*, 6 F.3d at 157.

Mindful of these considerations, we further recognize that the appointment of counsel may be appropriate in a case such as this, where the plaintiff advances claims with arguable merit and will be proceeding to trial. This is particularly so where, as here, the plaintiff does not have the financial ability to retain counsel and cites a variety of mental health issues that renders him unable to pursue his case *pro se*. Considering all of these factors, we conclude that a further search for *pro bono* counsel is appropriate in this case.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Leaphart's motion to extend the search for counsel (Doc. 87) is GRANTED provided that a member of the *Pro Bono* panel of the Middle District of Pennsylvania Chapter of the Federal Bar Association agrees to volunteer to represent Plaintiff. The *Pro Bono* Coordinator for Middle District of Pennsylvania Chapter of the Federal Bar Association shall report to the Court on the progress of identifying *pro bono* counsel on or before **February 1, 2023.**

2. A copy of this order will be served upon the *Pro Bono* Coordinator for Middle District of Pennsylvania Chapter of the Federal Bar Association.

3. If the search for counsel is unsuccessful, the order granting the appointment of counsel will be VACATED, and the plaintiff shall proceed to trial *pro se*.

4. The case management deadlines set forth in the Court's December 7, 2023 order (Doc. 89) will remain in place pending the search for *pro bono* counsel for the plaintiff.

So ordered this 14th day of December 2023.

*s/ Daryl F. Bloom*
Daryl F. Bloom
United States Magistrate Judge