IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAROLD E. LEAPHART, | : | Civil No. 1:21-CV-1293 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | (Magistrate Judge Bloom) |
| | : | |
| WILLIAM A. CAMPBELL, et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

## I.   Introduction

This is a civil rights action filed by the plaintiff-prisoner, Harold
Leaphart. This case is scheduled for a jury trial to begin on August 26,
2024. (Doc. 105). Leaphart, who initially filed this action *pro se*, has now
obtained counsel to represent him in this matter. Pending before the
court is a motion to take the depositions of the two remaining defendants,
as discovery in this case closed more than one year ago. (Doc. 103). After
consideration, we will deny the plaintiff's motion.

## II.   Discussion

A court has the discretion to modify its scheduling orders for "good
cause." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)(4) focuses on the moving
party's burden to show due diligence." *Race Tires America, Inc. v. Hoosier*

*Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010). In the context of modifying a discovery order to reopen discovery, the Court should consider the following factors: "(1) the good faith and diligence of the moving party; (2) the importance of the evidence; (3) the logistical burdens and benefits of reopening discovery, and (4) prejudice to the nonmoving party." *Blake v. Alstom Transp. Inc.*, 2023 WL 3561452, at *4 (D.N.J. May 19, 2023) (citation omitted). A decision to modify a scheduling order rests within the sound discretion of the court. *Trask v. Olin Corp.*, 298 F.R.D. 244, 267 (W.D. Pa. 2014).

We first note that while Leaphart initially filed this action *pro se* and has recently obtained counsel to represent him, "[r]etaining new counsel, by itself, does not establish good cause" to modify a scheduling order. *Trask*, 298 F.R.D. at 268. In fact, it appears that Leaphart was able to conduct substantial written discovery while proceeding *pro se*, including filing a motion to compel. (*See* Doc. 39; Doc. 58 at 6-7 (noting that the defendants "have provided substantial discovery in response to Leaphart's initial discovery demands.")).

Additionally, when considering the diligence of the moving party,

we find that this factor weighs against Leaphart's request to reopen discovery. As we have noted, fact discovery in this case closed in December of 2022, more than one year ago. Additionally, while Judge Carlson's order in April of 2023 did not foreclose the possibility of Leaphart seeking "specific, narrowly tailored, supplemental discovery demands[,]" (Doc. 58 at 7), this request to reopen discovery comes almost one year after Judge Carlson's order. During that time, the plaintiff never requested to depose the defendants and instead actively litigated the defendants' summary judgment motions, against which he, in part, prevailed. Accordingly, we find that this factor weighs against granting the plaintiff's request.

Further, the plaintiff has not demonstrated the importance of the discovery he now belatedly seeks. He vaguely asserts that without these depositions, it would be difficult to evaluate the defendants' defenses. We note that the claims against the remaining two defendants are very narrow and are comprised of an excessive force claim against Defendant Merrits regarding his use of OC spray and alleged chokehold during Leaphart's cell extraction, and an excessive force claim against

3

Defendant Campbell in a supervisory capacity regarding the use of OC spray. (*See* Doc. 72 at 35-38). These issues were contemplated and discussed at length in the Court's memorandum denying summary judgment on these claims. (*Id.*). Therefore, the plaintiff's concern that he will be unable to evaluate any potential defenses to these claims is unpersuasive and does not establish good cause for reopening discovery. For the same reasons, we find the plaintiff's argument that permitting depositions at this stage of the litigation will streamline the issues for trial equally unavailing.

Finally, while Leaphart contends that reopening discovery to depose the defendants will not prejudice them, we note that lack of prejudice to the defendants, standing alone, does not demonstrate good cause to reopen discovery. *See Creghan v. Procura Management, Inc.*, 2015 WL 12819210, at *3 (E.D. Pa. June 22, 2015). Rather, we conclude that Leaphart's belated request to reopen discovery for this purpose exceeds the "specific, narrowly tailored, supplemental discovery demands" contemplated by this Court's prior Order. Accordingly, we will deny the plaintiff's motion.

4

III.  **Order**

Accordingly, IT IS HEREBY ORDERED THAT the plaintiff's motion to take the depositions of the two remaining defendants (Doc. 103) is DENIED.

SO ORDERED this 21st day of March 2024.

*s/ Daryl F. Bloom*
Daryl F. Bloom
United States Magistrate Judge

5